[926 NYS2d 616]

In the Matter of RONALD J. CHISENA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 28, 2011

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge, for petitioner.

*Ronald J. Chisena*, Franklin Square, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated February 2, 2010, containing two charges of professional misconduct, arising from the respondent's conviction of a serious crime within the meaning of 22 NYCRR 691.7 (b) and Judiciary Law § 90 (4) (d), to wit, practice of law by an attorney who has been disbarred, suspended, or convicted of a felony, in violation of Judiciary Law § 486. After a hearing on June 21, 2010, at which the respondent appeared pro se, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court may deem just and proper. The respondent cross-moves, inter alia, to disaffirm the Special Referee's report.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), in that he was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

By opinion and order of this Court dated March 22, 2004, the respondent was suspended from the practice of law for a period of two years, commencing April 26, 2004. On May 18, 2004 and June 22, 2004, in Nassau County, the respondent engaged in settlement conferences and/or negotiations on behalf of a client with a representative of an insurance carrier while holding himself out as an attorney.

On September 29, 2006, in the District Court, Nassau County, before the Honorable Christopher G. Quinn, the respondent pleaded guilty to the crime of practice of law by an attorney who has been disbarred, suspended, or convicted of a felony, in violation of Judiciary Law § 486.

The respondent admitted that, between May 18, 2004 and June 22, 2004, knowing that he was suspended from the practice of law, he held himself out to be an attorney and engaged in settlement conferences and/or negotiations on behalf of a client with a representative of an insurance carrier. He was sentenced, upon his plea of guilty, to a conditional discharge and a fine of $1,000.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Based upon the evidence adduced, and the respondent's admissions, the Special Referee properly sustained both charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion, inter alia, to disaffirm the Special Referee's report, is denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent had an extensive disciplinary history prior to his suspension. He was issued a letter of caution on September 12, 1986, for improperly imposing a retaining lien on escrow funds; a letter of caution on December 8, 1988, for failing to communicate with clients and for not fully cooperating with a Grievance Committee's investigation into allegations of professional misconduct; an admonition on March 15, 1991, for failing to cooperate with the Grievance Committee's investigation and failing to communicate with a client; an admonition on June 28, 2001, for making a false statement of law or fact, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaging in conduct prejudicial to the administration of justice; an admonition on June 28, 2001, for making a material misrepresentation to a client, neglecting a legal matter, engaging in an impermissible conflict of interest, and failing to cooperate with the Grievance Committee; an admonition on October 3, 2001, for neglecting a legal matter entrusted to him, engaging in deceptive practice, making misrepresentations to the Grievance Committee, and engaging in conduct prejudicial to the administration of justice; an admonition on October 3, 2001, for acts of misrepresentation and neglect, and action prejudicial to the administration of justice; and a reprimand on November 21, 2003, for engaging in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness as a lawyer based on his failure to timely answer a complaint.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion, inter alia, to disaffirm the Special Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ronald J. Chisena, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Ronald J. Chisena, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Ronald J. Chisena, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Ronald J. Chisena, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).